IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR PATTERSON, :
:
   Petitioner :
:
   v. : CIVIL NO. 3:CV-10-0965
:
: (Judge Caputo)
WILLIAM SCISM, :
:
   Respondent :

**M E M O R A N D U M**

**I.   Introduction**

On May 5, 2010, Victor Patterson, a federal inmate confined at LSCI-Allenwood, White Deer, Pennsylvania, filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254.[1] In his habeas petition, he challenges his 1994 Dauphin county Court of Common Pleas conviction for possession with intent to manufacture or deliver a controlled substance. Mr. Patterson claims his guilty plea was involuntary, that his attorney was ineffective, and that his illegal conviction was later used to enhance his current federal sentence. (Docs. 1 and 2, Pet. and Mem. in Supp.)

The Court undertook a preliminary review of the Petition as mandated by Rule 4, Rules Governing Section 2254 Cases (2010), and believed it subject to

---

[1] For the convenience of the reader of this Memorandum/Opinion in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of this Court.

summary dismissal as time-barred. 28 U.S.C. § 2244(d); *see Day v. McDonough*, 547 U.S. 198, 209-210, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006) (district court are authorized to consider *sua sponte*, the timeliness of a state prisoner's habeas petition, but must accord the parties fair notice and an opportunity to present their positions); *see also U.S. v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005)(en banc)(before addressing the merits of a state inmate's request for federal habeas relief, a district court may determine whether the petition is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)). On May 7, 2010, we notified the parties of our concerns and provided them with an opportunity to address the timeliness issue. (Doc. 5.) Respondent and Mr. Patterson both filed briefs in response to our Order. *See* Doc. 10, Respondent's Response, and Doc. 11, Mr. Patterson's Response. The limitations issue, raised *sua sponte* by the Court, has been briefed by the parties, and is ripe for review.

## II. Background

Following a guilty plea in the Dauphin County Court of Common Pleas, Victor Patterson was convicted of unlawful delivery of a controlled substance.[2] He was sentenced on April 11, 1994, to a term of imprisonment of three and one half ( 3 ½) to seven (7) years. Mr. Patterson did not file a direct appeal with the Superior Court

---

[2] The Court takes judicial notice of Court of Common Pleas Dauphin County docket sheet in Mr. Patterson's criminal conviction: *Commonwealth v. Patterson*, CP-22-CR-0000953-1993, which is available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

of Pennsylvania. *Id*.; *see also* Doc. 11, CM/ECF p. 4.³

On October 29, 2008, Victor Patterson filed a petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S. § 9541 *et seq.* On December 24, 2008, the Dauphin County Court of Common Pleas dismissed the petition. On September 15, 2009, the Superior Court of Pennsylvania affirmed the trial court's denial of the petition. *See* Doc. 10-2, CM/ECF pp. 4-5, *Commonwealth v. Patterson*, 986 A.2d 1262 (Pa. Super. September 15, 2009)(Table, No. 321 MDA 2009). The Superior Court determined Mr. Patterson was not "eligible for PCRA relief" because:

> Patterson is not currently serving a sentence of imprisonment, probation, or parole for the offense named in his petition. On April 11, 1994, he was sentenced to three and one-half to seven years imprisonment following his plea of guilty to unlawful delivery of a controlled substance. As such he completed his sentence on or before April 11, 2001. Because he is not currently serving a sentence of imprisonment, probation of parole, we find that he is not eligible for PCRA relief.

(*Id*.) On March 29, 2010, the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See Commonwealth v.* Patterson, 992 A.2d 124 (Pa. 2010)(Table, No.876 MAL 2009).

Mr. Patterson filed his habeas petition on May 5, 2010.

---

³ Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

## III. Discussion

A petitioner confined under a state-court judgment has one year to file a 2254 petition challenging the judgment. 28 U.S.C. § 2244(d)(1). As relevant here, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. at § 2244(d)(1)(A). This language applies to the right to seek discretionary review in state appellate courts and means that the judgment does not become final until the time period for seeking such review expires, even if review is not sought. *See Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000). Additionally, section 2244 further provides that the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation". *See* 28 U.S.C. § 2244(d)(2).

The one-year federal limitations period is subject to both statutory and equitable tolling. Statutory tolling for a federal habeas claim occurs during the time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Id.*, § 2244(d)(2). A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005)(where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed'

and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)"). The United States Supreme Court allows for equitable tolling of the limitations period where the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, ___, 130 S.Ct. 2549, 2562, ___ L.Ed.2d ___ (2010) ; *see also Miller v. New Jersey Dep't of Corr.*, 145 F.3d 616, 617-18 (3d Cir. 1998)(same).

In this case, Victor Patterson was sentenced in the Dauphin County Court of Common Pleas on April 11, 1994. He did not file a direct appeal with the Superior Court, thus, his conviction became final on May 11, 1994, 30 days after the period for him to appeal to the Superior Court of Pennsylvania expired. *See* 42 Pa. C.S. § 9545(b)(3); Pa. R. App. P. 903; Pa. R. Crim. P. 720(a)(3). However, federal habeas corpus applicants whose conviction became final before the April 24, 1996, effective date of the AEDPA, were given a one year grace period to file their habeas petitions. Thus, absent any tolling, Victor Patterson had until April 24, 1997 to file his § 2254 petition challenging his Dauphin County drug conviction. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). Clearly the time for filing his federal habeas corpus petition expired several years before he commenced the present action in May 2010. Moreover, his 2008 PCRA petition did not statutorily toll the federal limitations period because the federal habeas filing deadline expired long before he ever sought relief in the state court system.[4] Unfortunately, the Court cannot toll the time

---

[4] Federal habeas corpus is only available to persons "in custody" under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). As noted by the PCRA
(continued...)

-5-

period from 2008 through 2010, the time during which Mr. Patterson's state court collateral proceedings were pending because his PCRA action was rejected by the state courts as being not "properly filed". See *Satterfield*, 434 F.3d at 192.

Since Victor Patterson did not seek federal habeas corpus relief until May 2010, his action is clearly untimely under the application of § 2244(d) and its statutory tolling provisions. As noted earlier, Mr. Patterson was given the opportunity to show why his case should not be dismissed on timeliness grounds, and yet he did not make a single argument for equitable tolling of the limitations period. He offers no reasonable explanation as to why he could not have pursued review of his federal habeas claims in a timely fashion. Thus, equitable tolling of the statute of limitations is not warranted in this case.

---

⁴(...continued)
Court, Mr. Patterson was not eligible for PCRA relief because he was not "in custody" at the time he filed for relief. The same holds true for his present habeas petition.

**IV.  Conclusion**

The Court will dismiss Victor Patterson's Petition for Habeas Corpus for lack of jurisdiction.  The Court will also deny a certificate of appealability, based on the analysis in this Memorandum.  However, Mr. Patterson is advised that he has the right for thirty (30) days to appeal our order denying his § 2254 motion, *see* Fed. R. App. 4, and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals, s*ee* 28 U.S.C. § 2253(a).

The Court will issue an appropriate order.

**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: September 20, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR PATTERSON, :
:
   Petitioner :
: CIVIL NO. 3:CV-10-0965
  v. :
: (Judge Caputo)
WILLIAM SCISM, :
:
   Respondent :

**O R D E R**

**AND NOW**, this **20th** day of **SEPTEMBER, 2010,** it is ordered that:

1. The petition (doc. 1) for writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction.

2. A certificate of appealability is denied.

3. The Clerk of Court is directed to close this case.

                                 **/s/ A. Richard Caputo**
                                 **A. RICHARD CAPUTO**
                                 **United States District Judge**