**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VICTOR PATTERSON,** | : | |
| | : | |
| **Petitioner** | : | |
| | : | **CIVIL NO. 3:CV-10-0965** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **WILLIAM SCISM,** | : | |
| | : | |
| **Respondent** | : | |

**M E M O R A N D U M**

## I. Introduction

On May 5, 2010, Petitioner Victor Patterson filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from his 1994 Pennsylvania state drug conviction. On May 7, 2010, the Court issued an Order placing the parties on notice that the Petition appeared to be time barred. *See* Doc. 5. After the parties were given the opportunity to address the timeliness issue, the Court dismissed the Petition as untimely. *See* Doc. 12.

Pending before the Court is Victor Patterson's Motion for Reconsideration. Petitioner presents a new claim of equitable tolling of the federal habeas corpus filing period from June 1994 until 2008 based on his assertion that his legal counsel lied to him about filing a Pennsylvania Post Conviction Relief Act (PCRA) petition on his behalf. Doc. 13, Mot. for Recon. For the reasons discussed, the motion will be denied.

## II.     Standard of Review

A Rule 59(e) motion to alter or amend is a device of limited utility. "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café*, 176 F.3d 669, 677 (3d Cir. 1999)(citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A judgment may be amended if the party seeking reconsideration demonstrates an intervening change in the controlling law, the availability of new evidence, or the need to correct a clear error law or fact or to prevent manifest injustice. *Id*.

## III.    Background

After entering a guilty plea, Victor Patterson was sentenced on April 11, 1994, to term of three and half to seven years imprisonment. Doc. 12 at CM/ECF p. 2.[1] He did not file a direct appeal. *Id*. On October 29, 2008, he filed a *pro se* petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S. § 9541 *et seq.* On December 24, 2008, the Dauphin County Court of Common Pleas dismissed the petition. On September 15, 2009, the Superior Court of Pennsylvania affirmed the trial court's denial of the PCRA petition. *See Commonwealth v. Patterson*, 986 A.2d 1262 (Pa. Super. September 15, 2009)(Table, No. 321 MDA 2009). The Superior Court determined Mr. Patterson was not "eligible for PCRA

---

[1] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

relief" because "he completed his sentence on or before April 11, 2001 [and] [b]ecause he is not currently serving a sentence of imprisonment, probation of parole." *Id*. On March 29, 2010, the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See Commonwealth v.* Patterson, 992 A.2d 124 (Pa. 2010)(Table, No. 876 MAL 2009). He filed his habeas corpus petition on May 5, 2010.

In support of his motion for reconsideration, Mr. Patterson affirms that in June 1994 he hired legal counsel to file a PCRA petition on his behalf to challenge his Dauphin county conviction. Doc. 13 at p. 8. Petitioner called his attorney periodically to ascertain the status of his petition. His counsel "always" advised him that they were "awaiting an adjudication of the petition." *Id*. In 2008, Petitioner learned counsel has not filed the PCRA on his behalf. He then immediately filed his 2008 PCRA petition. *Id*.

## IV. Discussion

The Third Circuit Court of Appeals has held that the federal habeas statute of limitations is subject to equitable tolling. *Schlueter v. Varner*, 384 F.3d 69, 75 - 76 (3d Cir. 2004). Equitable tolling is allowed where (1) the petitioner was actively misled; (2) the petitioner has been in some extraordinary way been prevented from asserting his rights; and (3) the petitioner timely asserted his rights, but mistakenly in the wrong forum. *See* *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). Additionally, the Third Circuit Court of Appeals has expressly held that, in

non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002); *see also Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). Moreover, even where attorney malfeasance is found, standing alone, it does not warrant equitable tolling. *Schlueter*, 384 F.3d at 77. Rather, the court also must "examine the petitioner's due diligence in pursuing the matter under the specific circumstances he faced." *Id*. Even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir.) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003)).

In this case, Mr. Patterson has not demonstrated any applicable grounds for reconsideration. Absent any tolling, Victor Patterson had until April 24, 1997, to file a timely habeas petition. *See* Doc. 12. Petitioner now urges the Court to adopt his May 2010 petition as timely filed as a result of equitable tolling between June 1994 and 2008 when he learned of his PCRA counsel's active misrepresentation that he had filed a timely PCRA petition had been filed on his behalf. First, aside from his own declaration, there is no evidence to support Mr. Patterson's self-serving statement that he was actively misled by his PCRA counsel from 1994 until 2008

that a timely PCRA petition had been filed. Next, even if true, the Court cannot agree that Victor Patterson demonstrated due diligence in pursuing, or protecting his right to file, a timely habeas petition because he did not inquire with any source, other than his PCRA counsel, between 1994 and 2008 as to the status of his PCRA petition. This finding is underscored by the fact that even though his Dauphin county sentence expired in April 2001 (*see* Doc. 12), he waited seven (7) more years to inquire with an alternate source as to the status of his PCRA petition. Moreover, Mr. Patterson does not explain why, despite learning in 2008 that no PCRA petition had been filed on his behalf, which would have statutorily tolled the federal habeas filing period, why he waited until May 2010 to file his habeas petition.

In light of the above facts, the Court concludes that Mr. Patterson did not exercise due diligence in complying with the federal habeas filing deadlines and that in this instance his PCRA counsel's failure to file an appeal does not justify an "extraordinary" circumstance meriting equitable tolling.

The Court will issue an appropriate order.

**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: July 5th, 2011**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VICTOR PATTERSON,** | : | |
| | : | |
| **Petitioner** | : | |
| | : | **CIVIL NO. 3:CV-10-0965** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **WILLIAM SCISM,** | : | |
| | : | |
| **Respondent** | : | |

**O R D E R**

**AND NOW**, this __**5th**__ day of **JULY, 2011,** it is ordered that Mr. Patterson's Motion for Reconsideration (doc. 13) is denied.

**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**